UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER JORDAN TORRES,<br><br>       Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY,<br>LEI-CHALA WILSON,<br>SAN DIEGO POLICE DEPARTMENT,<br>DONALD MEEKS,<br>FRANCES MINTON,<br><br>       Defendants. | Case No.: 3:19-CV-02182-CAB-RBB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTIONS TO DISMISS**<br><br>[Doc. Nos. 15, 20] |

  This matter is before the Court on motions to dismiss by (1) the County of San Diego and Lei-Chala Wilson, and (2) Donald Meeks and Frances Minton. For the reasons below, the motions are granted and Plaintiffs' claims against these defendants are dismissed with prejudice.

**I. Background[1]**

  On September 26, 2012, following a jury trial, Plaintiff was convicted of one count of Trying to Prevent or Deter an Executive Officer from Performing a Lawful Duty by Violence or Threat of Violence in violation of California Penal Code section 69 and two counts of Assault by Means of Force Likely to Produce Great Bodily Injury in violation of California Penal Code section 245(a)(1). [Doc. No. 20–3 at 6, 8, 10.] Plaintiff's conviction

---

[1] Defendant Officers' request for judicial notice is proper, and Plaintiff has not filed an opposition. [Doc. No. 20-3.] As such, this Court takes judicial notice of the public record documents relating to Plaintiff's 2012 conviction. [*Id.*] *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment. (internal citation omitted)).

followed from his arrest after a physical altercation with San Diego Police Officers Donald Meeks and Frances Minton (together, the "Defendant Officers") on December 15, 2011. [Doc. No. 1. at 2, 8.] On December 14, 2012, Plaintiff was sentenced to a term of nine years and four months in prison. [*Id.* at 2; Doc. No. 20-3 at 12-13.] Plaintiff was resentenced on June 19, 2019, and was paroled on July 6, 2019. [Doc. No. 1 at 2.]

On November 15, 2019, Plaintiff filed the complaint in this action against the Defendant Officers, the San Diego Police Department ("SDPD"), the County of San Diego (the "County"), and his counsel at his criminal trial, Lei-Chala Wilson. [Doc. No. 1.] Plaintiff alleges that during the December 15, 2011 altercation, the Defendant Officers used illegal force in violation of his Fourth Amendment rights. [*Id.* at 8.] Furthermore, Plaintiff alleges that the SDPD violated his Eighth Amendment Rights by pushing, kicking, and punching him while he was in handcuffs. [*Id.* at 18.] The complaint alleges that Wilson and the County violated his Sixth Amendment Rights by not providing effective assistance counsel during his state court case. [*Id.* at 2.]

Defendants Wilson and the County filed a motion to dismiss the claims against them [Doc. No. 15], and Defendants Meeks and Minton filed a separate motion to dismiss the claims against them [Doc. No. 20]. The motions have been fully briefed, and the Court deems them suitable for submission without oral argument.

**II.    Legal Standards**

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citation omitted). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation

marks omitted). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

Plaintiff is appearing pro se. [Doc. No. 1.] The allegations in a complaint prepared and filed pro se are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (internal citation omitted).

**III.   Discussion**

The complaint attempts to assert claims directly for constitutional violations. However, "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). In the motions to dismiss, the moving defendants assume Plaintiff intended to assert his claims under 42 U.S.C. § 1983, and Plaintiff does not dispute this in his opposition briefs. [Doc. No. 15-1 at 12; Doc. No. 20-1 at 9; Doc. No. 26 at 3.] Accordingly, the Court will evaluate Plaintiff's claims as if they were alleged under § 1983.

Both motions to dismiss argue that all of Plaintiff's claims are time-barred. Section 1983 is silent on a statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). As such, the length of the statute of limitations for a § 1983 claim is determined by "the law of the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). There is no dispute that California's two-year statute of limitations for personal injury claims applies here. *See* Cal. Civ. Proc. Code § 335.1; *Wilson v. Hayes*, 228

F. Supp. 3d 1100, 1107 (S.D. Cal. 2017); [Doc. No. 24 at 3; Doc. No. 26 at 2]. The only dispute is when the statute began to run on Plaintiffs' claims.

Plaintiff's only argument for why his claims are not time-barred is that his claims do not accrue until he stops being injured by the alleged wrongful conduct of the various defendants. [Doc. No. 24 at 3; Doc. No. 26 at 2.] Under federal law, however, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 991–92. Because, as discussed below, Plaintiff knew of the injuries he suffered as a result of Defendants' alleged wrongdoing more than two years before he filed this lawsuit, his claims against the moving defendants are all time-barred.

### A.    Claim Against Defendants Wilson and the County

Plaintiff alleges that Wilson and the County violated his Sixth Amendment right to effective assistance of counsel based on Wilson's representation of Plaintiff during his criminal trial in state court in 2012. [Doc. No. 1 at 2.] Putting aside the various other deficiencies of a § 1983 claim premised on ineffective assistance of counsel at trial, the complaint makes clear that Plaintiff was aware of the actions constituting Wilson's alleged ineffective assistance of counsel during the trial, and that any injury to Plaintiff as a result of Ms. Wilson's alleged ineffective assistance began no later than when Plaintiff was convicted in 2012. [*Id.*] Plaintiff does not argue for any tolling of the statute of limitations, and the Court is unaware of any tolling that would bring Plaintiff's claim against Wilson and the County within the two-year statute of limitations. Accordingly, this claim is time-barred.

### B.    Claim Against the Defendant Officers

Plaintiff alleges that the Defendant Officers used "illegal force" in the encounter that concluded with Plaintiff's arrest on December 15, 2011, and that the officers then lied about the encounter during the legal proceedings and trial that resulted in Plaintiff's conviction in 2012. [*Id.* at 8.] Plaintiff filed the complaint more than seven years later on November 15, 2019. [Doc. No. 1.]  Plaintiff does not (and cannot) allege or argue that he

was unaware of any injury resulting from the Defendant Officers' alleged wrongdoing until some date within two years of when he filed this lawsuit. Any claim arising out of the officers' alleged wrongdoing accrued no later than the date on which Plaintiff was convicted in 2012. As with the claims against Wilson and the County, Plaintiff does not argue for any tolling of the statute of limitations, and the Court is unaware of any tolling that would bring Plaintiff's claim against the Defendant Officers with the two-year statute of limitations. Accordingly, this claim is time-barred as well.

## IV. Conclusion

Because the claims against the moving defendants are time-barred, the Court need not address the other arguments for dismissal raised in the motions. No amendment to the complaint could bring Plaintiff's claims within the two-year statute of limitations. Accordingly, it is hereby **ORDERED** that the motions to dismiss filed by (1) the County and Lei-Chala Wilson, and (2) Officers Donald Meeks and Frances Minton, are **GRANTED**, and Plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE**.

It further **ORDERED** that Plaintiff must **SHOW CAUSE** on or before **August 31, 2020**, why his remaining claim against the San Diego Police Department for violation of his Eighth Amendment rights [Doc. No. 1 at 18] should not be dismissed for lack of prosecution.

It is **SO ORDERED**.

Dated: July 29, 2020

Hon. Cathy Ann Bencivengo
United States District Judge